IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

AUG 1 6 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA,

v.                                                    CRIMINAL ACTION NO. 2:12cr105

DWIGHT A. ETHERIDGE,

Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dwight A. Etheridge's Motion for a Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29(c). (ECF No. 454). The Defendant and the Government have fully briefed this matter and it is now ripe for disposition. For the reasons stated herein, Defendant's Motion for a Judgment of Acquittal is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On July 11, 2012, the Government filed a twenty-five (25) count Indictment against Defendants Edward J. Woodard, Simon Hounslow, Stephen G. Fields, Troy Brandon Woodard ("Brandon Woodard"), Thomas Arney, and Dwight Etheridge. On December 20, 2012, a federal grand jury returned a twenty-six (26) count Superseding Indictment against the Defendants. Specifically, the Superseding Indictment charged Defendant Etheridge with Conspiracy to Commit Bank Fraud (18 U.S.C. § 1349), False Entry in a Bank Record (18 U.S.C. §§ 1005 & 2), False Statement to a Financial Institution (18 U.S.C. §§ 1014 & 2), Unlawful Participation in a Loan (18 U.S.C. § 1005 & 2), Bank Fraud (18 U.S.C. §§ 1344 & 2), and Misapplication of Bank Funds (18 U.S.C. § 656 & 2). The charges against Defendants stem from and are alleged to have

caused the collapse of the Bank of the Commonwealth ("the Bank") in 2011.

On March 19, 2013, a jury trial commenced in the United States District Court for the Eastern District of Virginia, before the Honorable Raymond A. Jackson. Trial in this case lasted approximately ten weeks. After the United States concluded its presentation of evidence, Defendant moved for a judgment of acquittal on all counts, pursuant to Federal Rule of Criminal Procedure 29(a). The Court denied Defendant's motion. On May 14, 2013, at the close of all the evidence, Defendant renewed the motion. The Court again denied the motion and submitted all counts to the jury. On May 24, 2013, the jury returned a verdict finding Defendant Etheridge guilty of Conspiracy to Commit Bank Fraud in violation of 18 U.S.C § 1349, one count of Bank Fraud in violation of 18 U.S.C § 1344, four counts of False Statements to a Financial Institution in violation of 18 U.S.C § 1014, and one count of Misapplication of Bank Funds in violation of 18 U.S.C § 656. Defendant now moves the Court to grant a judgment of acquittal on all counts.

## II. LEGAL STANDARD

Rule 29 of the Federal Rules of Criminal Procedure ("Rule 29") provides that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal" where the defendant has successfully challenged the sufficiency of the evidence used to convict him. FED. R. CRIM. P. 29(c)(2). "A defendant challenging the sufficiency of the evidence to support his conviction carries a heavy burden." *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997) (citation omitted). In reviewing a Rule 29 challenge to a conviction, courts inquire whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Johnson*, 55 F.3d 976, 979 (4th Cir. 1995) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Deference to the trier of fact requires that the court "construe the evidence in the light most favorable to the Government, assuming its

credibility, drawing all favorable inferences from it, and taking into account all the evidence, however adduced." *Johnson*, 55 F.3d at 979.

In its sufficiency review, a court considers both circumstantial and direct evidence. *United States v. Martin*, 523 F.3d 281, 289 (4th Cir. 2008); *United States v. Jackson*, 863 F.2d 1168, 1173 (4th Cir. 1989) (noting "circumstantial evidence is treated no differently than direct evidence, and may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence"). However, assessing the credibility of witnesses is within the sole province of the jury. *See Johnson*, 55 F.3d at 979; *United States v. Uzenski*, 434 F.3d 690, 700 (4th Cir. 2006). The uncorroborated testimony of a single witness may be sufficient to sustain a guilty verdict; even if that witness is an accomplice, co-defendant, or informant. *See United States v. Wilson*, 115 F.3d 1185, 1189-90 (4th Cir. 1997); *United States v. Manbeck*, 744 F.2d 360, 392 (4th Cir. 1984); *United States v. Arrington*, 719 F.2d 701, 705 (4th Cir. 1983).

### III. DISCUSSION

Defendant challenges the sufficiency of the evidence used to convict him. Defendant's main contention, both now and during trial, is that he was merely a borrower at the Bank, and had no control over the internal procedures, policies, and actions that caused the Bank to collapse. Def.'s Mot. for J. of Acquittal 1-2. The gravamen of the Government's case at trial was a conspiracy involving reciprocal relationships between Bank insiders and certain troubled borrowers, whereby the troubled borrowers would perform favors in exchange for preferential treatment. Gov.'s Response. 3. The Government presented substantial evidence that Defendant was indeed one of the troubled borrowers who knowingly engaged in this arrangement. For example, Defendant's primary loan officer and co-conspirator, Jeremy Churchill, testified that he

3

asked Defendant to take over one of the Bank's troubled loans. Defendant testified that he agreed to purchase what he knew was a troubled asset. In return, Churchill testified that he honored Defendant's draw requests without inspecting construction projects and funded loans for projects that Churchill knew to be fraudulent. The Government further provided documentary evidence that Bank insiders waived nearly one million dollars in late fees on Defendant's loans during the conspiracy.

Although Jeremy Churchill's testimony alone is sufficient to support the conviction, the Government presented the live testimony of several other witnesses who provided evidence that would tend to support the jury's finding. *See Wilson*, 115 F.3d at 1190 (" . . . the uncorroborated testimony of one witness or of an accomplice may be sufficient to sustain a conviction"). For example, Recardo Lewis, Defendant's former employee, "testified that Mr. Etheridge was aware that draw requests inflated the amounts owed to subcontractors and included work that was not completed." Def.'s Mot. for J. of Acquittal 4. Despite Defendant's contentions as to Mr. Lewis' credibility, in weighing the evidence, the jury is the final arbiter of witness credibility and the accompanying weight their testimony deserves. *United States v. Johnson*, 55 F.3d 976, 979 (4th Cir. 1995)

The Government also presented the testimony of Eric Coker, the former Chief Executive Officer of Defendant's company, who testified that Defendant was aware of inflated draw requests and directed him to use construction funds for illegitimate purposes. The Government further introduced documentary evidence, including commercial credit reviews, promissory notes, wire transfer records, checks, and photographs, to support the charges against Defendant,. *See* Gov't Ex. 2B, 25C, 25D, and 25E.

Lastly, Defendant testified at trial and spent considerable time rebutting each of the

4

charges in the Superseding Indictment. As final arbiters of the truth, the jury weighed the credibility of Defendant's claims against the evidence supporting his guilt. Accordingly, the Court will not disturb the jury's verdict. The Court FINDS that there was sufficient evidence from which a rational jury could make a finding of guilt.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion for a Judgment of Acquittal is **DENIED.** The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

     **IT IS SO ORDERED**.

                                       /s/

                                 Raymond A. Jackson

Norfolk, Virginia                     United States District Judge
August 15 , 2013